UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLESE JENEAN HALL,

    Petitioner,

v.                                                                          Case No. 4:21cv393-MW-HTC

ERICA STRONG WARDEN,

    Respondent.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's failure to respond to the Court's *fifth* order requiring her to complete the simple task of providing two additional service copies of her petition (ECF Doc. 13). On March 18 order, the Court instructed, "This is Petitioner's FINAL opportunity to comply with the Court's prior orders requiring Petitioner to submit payment for copies of her petition to be paid or to provide service copies." *Id.* Despite this admonition, Petitioner has not responded to that order; therefore, the undersigned respectfully recommends that this case be dismissed for failure to prosecute and failure to comply with court orders.

Petitioner, a prisoner at FCI Tallahassee at the time she filed suit, challenges three (3) disciplinary reports against her at FCI Tallahassee that cost her gain time. She filed a § 2241 Petition on September 23, 2021, but failed to pay the filing fee

and provide service copies at the time of filing the petition, in violation of Rules Governing § 2254 Cases, Rule 3(a) (requiring service copies and filing fee at the time of filing the petition). After the Court ordered her to submit three service copies[1] or pay for the making of copies, and to pay the $5 fee or file an *in forma pauperis* motion (ECF Doc. 2), Petitioner sent $10 to the Court on October 22, 2021. ECF Doc. 4. The clerk applied $5 to pay the full filing fee and, since the petition cost exactly $5 to copy,[2] applied the remaining $5 to the cost of one of the three required service copies. *Id.* The clerk made that copy and placed it in the file, leaving the Petitioner still responsible for providing two service copies.

On October 29, 2021, November 22, 2021, January 3, 2022, February 11, 2022 and March 18, 2022, the Court explained to Petitioner the need for two additional copies and directed her to provide them. ECF Docs. 5, 7, 8, 11, and 13. Despite these repeated chances to comply and to prosecute her case, Plaintiff has failed to provide the service copies. Instead, on several occasions, Petitioner asked the Court to return the $10.00 to her and transfer this matter to California, where she is now incarcerated. ECF Doc. 10, 12. Despite the Court explaining to Petitioner venue is proper in this district given her allegations, and thus she must provide copies

---

[1] Under Federal Rules of Civil Procedure 4(i), copies must be sent to the United States Attorney General, the U.S. Attorney for the District and the Warden of FCI Tallahassee.
[2] The Petition contained 10 pages, and the clerk charges $.50 per page, per copy to make the copies for a party.

Case No. 4:21cv393-MW-HTC

of the petition or pay for copies to be made if she wants to prosecute this action, Petitioner has not complied.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Petitioner] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Petitioner has not provided service copies to allow service of her Petition, despite initiating this action over six months ago. Thus, dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police*

Case No. 4:21cv393-MW-HTC

*Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED, that:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's failure to prosecute, Plaintiff's failure to comply with Court orders, and Plaintiff's abuse of the judicial process.

2. The clerk be directed to mail a copy of the one service copy she paid for to the Petitioner.

3. The clerk be directed to close the file.

Done in Pensacola, Florida, this 12th day of April, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.