UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLESE JENEAN HALL,
Reg. No. 43850-007
    Petitioner,

v.                                                               Case No. 4:21cv393-MW-MAL

WARDEN ERICA STRONG,

    Respondent.

_____/

## AMENDED REPORT AND RECOMMENDATION

    This matter comes before the court on remand from the district court to consider the two-step analysis set out in *Turner v. Burnside*, 541 F. 3d 1077, 1082 (11th Cir. 2008), as a matter of first impression. ECF No. 31. After review of the record using the *Turner* framework, the undersigned recommends the motion to dismiss be granted as to the November 8, 2017, disciplinary action for fighting with another inmate (incident report number 3049826) and denied as to the June 24, 2021 and July 29, 2021 disciplinary actions for threatening staff (incident report numbers 3510019 and 3525976).

**I.  BACKGROUND AND SUMMARY OF THE RECORD**

    Petitioner Carlese Jenean Hall filed a pro se petition for writ of habeas corpus under Title 28, United States Code, Section 2241, challenging three prison

disciplinary actions that led to the loss of good conduct credits. ECF No. 1. Two of the disciplinary actions took place in 2021 and one took place in 2017. *Id.*

In Ground One, Petitioner challenges the disciplinary action resulting from a hearing on June 24, 2021 (incident report number 3510019), where she was found guilty by a disciplinary hearing officer ("DHO") of threatening a staff member. ECF No. 1 at 3-5. As a result, she lost 27 days of good conduct time credits. *Id.* at 3.

In Ground Two, Petitioner challenges a disciplinary action resulting from a hearing on July 29, 2021 (incident report number 3525976), where she was again found guilty by a DHO of threatening a staff member. ECF No. 1 at 3, 5-6. She again lost 27 days of good conduct time credits. *Id.* at 3. As to exhaustion of administrative remedies for these two 2021 disciplinary actions for threatening staff, Petitioner claims that "the BOP has forfeited its right to appeal" (*id.* at 6) because the time for the appeals process (which she calculates as a total of 45 days, consisting of (1) "15 days after the DHO hearing" for the DHO to provide a written report,[1] and (2) "30 calendar days[2] to appeal the DHO's finding") has expired and she did not receive the DHO written reports to begin the appeals process. *Id.* at 4-6.

---

[1] After a disciplinary hearing, an inmate should receive a "written copy of the DHO's decisions and dispositions, ordinarily within 15 work days of the decision." BOP Program Statement 5270.09, 28 C.F.R. §541.8(h).

[2] Contrary to the 30 days noted by Petitioner, an inmate only has only 20 days to appeal the DHO's decision to the Regional Director. 28 C.F.R. § 542.14(a); *see also* Form BP-A0304, Disciplinary Hearing Officer Report, Section VIII, Appeal Rights (Requiring the DHO to give the

In Ground Three, Petitioner challenges a disciplinary action resulting from a disciplinary hearing on November 8, 2017 (incident report number 3049826), where she was found guilty by a DHO of fighting with another inmate. ECF No. 1 at 7-8. As a result, Petitioner lost 87 days of good conduct time credits. *Id.* at 7. Petitioner states "[a]dministrative remedies have been exhausted as they are unavailable at this time." *Id.* at 8.

Respondent filed a motion to dismiss the petition for failure to exhaust administrative remedies. ECF No. 25. The response included an affidavit from Megan G. Marlow, who is an attorney advisor and records custodian at Federal Correctional Institution Tallahassee. ECF No. 25-1 at 1. According to Ms. Marlow, "Petitioner has not filed a single administrative remedy on any of the incident reports she complains of." *Id.* at 2. Attached to the affidavit is Petitioner's chronological disciplinary record from a Bureau of Prisons' database known as the SENTRY Inmate Management System. ECF No. 25-5.

Petitioner filed a reply to the Government's motion to dismiss. ECF No. 27. Petitioner explains that administrative remedies were not available to her as to the 2021 disciplinary actions for threatening staff (incident report numbers 3510019 and

---

inmate a copy of the Disciplinary Hearing Officer Report, and to advise the inmate "of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure."). If dissatisfied with the Regional Director's response, the inmate has "within 30 calendar days of the date the Regional Director signed the response" to appeal to the General Counsel. 28 C.F.R. § 542.15(a).

3525976) because she did not receive the DHOs' written decisions for those actions. *Id.* Petitioner explains that when she requested appellate review, "[s]he was told that a DHO report was being prepared, however, she has not received a DHO report for these incidents to date." *Id.* at 2. As to the 2017 disciplinary action for fighting (incident report number 3049826), Petitioner makes no claim that she did not receive the DHO's written decision. Instead, Petitioner states that "in August 2021, [she] was unaware of the entry depicting a fight with an inmate named 'Hutton.'" *Id.* She became aware of the entry and "requested informal resolution forms, but once again, without staff cooperation, and more importantly, staff assistance, inmates are unable to utilize the grievance process for its intended purpose." *Id.*

Petitioner further states "[t]hese two incidents create the need for habeas corpus, 2241, because good time was revoked for these two incidents."[3] ECF No 27 at 2. Additionally, "to describe the Bureau-wide, or systemic, dysfunction of the administrative remedy process" Petitioner identifies problems she had with grievances, appeals, and requests at three different Federal Correctional Institutions (Aliceville, Tallahassee, and Dublin). *Id.*

---

[3] It is unclear why Petitioner refers to only "two incidents" as opposed to three incidents. Nevertheless, any error here is not material to the issues before the Court.

## II. TURNER TWO-STEP ANALYSIS

Adjudicating a motion to dismiss for failure to exhaust administrative remedies involves two steps. *Turner*, 541 F.3d at 1082. First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response. If the factual allegations conflict, the Court takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

The motion to dismiss in this case can be resolved in step one.

**A. Step One Part A: Material Factual Allegations**

The material factual allegation in Defendant's motion to dismiss for failure to exhaust is that "Hall has never filed a single initial administrative remedy request (BP-9) at her institution[4] for the loss of time credits resulting from disciplinary

---

[4] Because Petitioner went to disciplinary hearings for these incident reports, her appeals would not go to the institution on a BP-9, but instead be "submitted to the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d)(2); *see also* BOP Program Statement 5270.09, §541.8(i) ("The decision of the DHO is final and subject to review only by the Regional Director to ensure conformity with the discipline policy and by appeal through the Administrative Remedy program."). As to the proper form to use, "[a]ppeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) … ." 28 C.F.R. § 542.15(b)(1). Respondent's error regarding the form to use and the place to take the appeal is not material

incident reports number 3510019, 3525976, or 3049826." ECF No. 25-1 at 3 and ECF No. 25 at 4. Petitioner does not contest this allegation. Instead, she argues that her petition should not be dismissed despite her not going through the administrative appeals process. In support of her position, Petitioner states that she never received the DHO report for her two 2021 disciplinary actions for threatening a staff member (incident report numbers 3510019 and 3525976). ECF No. 27 at 2. The Court will accept as true for purposes of this recommendation that Petitioner did not receive these 2021 DHO reports.[5]

Regarding the 2017 disciplinary action for fighting with an inmate (incident report number 3049826), Petitioner does not claim she never received the DHO report. Instead, Petitioner states:

> [I]n August 2021, the Movant was unaware of the entry depicting a fight with an inmate named 'Hutton' as she does not have access to the inmate disciplinary data reports. Only through exhibits received as part of unrelated court filing did she become aware of the entry. She requested informal resolution forms, but once again, without staff cooperation, and more importantly, staff assistance, inmates are unable to utilize the grievance process for its intended purpose.

---

because Petitioner acknowledges that she did not file any appeal as it relates to these DHO decisions.

[5] The Sentry records Responded provided in the motion to dismiss appear to confirm that Petitioner did not receive the DHO reports regarding incident report numbers 3510019 and 3525976. The field code "DHO REPT DEL," which apparently records the date that the DHO delivers the written report to the inmate, is missing for incident report numbers 3510019 and 3525976. ECF 25-5 at 1. In contrast, the Sentry record for incident report number 3049826 shows a DHO REPT DEL date of 11-16-2017 0900. *Id.* at 5.

ECF No. 27 at 2. The Court will accept these factual allegations as true.

**B. Step One Part B: Whether Dismissal Is Required**

**1. 2017 Disciplinary Action for Fighting (Incident Report 3049826)**

It is undisputed that Petitioner did not timely pursue administrative remedies as to incident report number 3049826. The issue then, is whether Petitioner has provided sufficient grounds to excuse her failure. To this end, the Court accepts as true Petitioner's allegation that that when she became aware of the disciplinary data entry for the fight with "Hutton" sometime during or after August 2021, which is approximately four years after the incident report and hearing, she requested informal resolution forms, but she was denied staff assistance and cooperation. As to the approximate four-year delay from the hearing in November 2017 to her request for informal resolution forms, Petitioner seems to acknowledge that administrative remedies "are not available at this time." ECF No. 1 at 8. Petitioner also equates the unavailability of administrative remedies at this time with proper exhaustion. She declares: "Administrative remedies have been exhausted as they are unavailable at this time." *Id.* Her position is not legally tenable.

"Unavailability" is a legal term that requires Petitioner to demonstrate more than the fact that she missed the initial window to appeal the 2017 disciplinary action and that four years later staff were not helpful in getting appropriate forms to resurrect an appeal. An administrative remedy is unavailable if: (1) the

administrative remedy is "a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use … [and] no ordinary prisoner can navigate it;" or (3) prison officials "thwart inmates from taking advantage of [a grievance process] through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 643, 643-44 (2016).

Here, Petitioner's own reply demonstrates that the grievance system is not "a simple dead end" or too "opaque" for Petitioner to use. To the contrary, Petitioner acknowledges that she successfully navigated the prison grievance system to overturn a disciplinary action and to appeal the rejection of a grievance appeal. ECF No. 27 at 2-3. With these avenues of unavailability foreclosed, Petitioner must demonstrate that she was somehow "thwarted" by prison officials from pursuing her remedies. Petitioner, however, alleges no facts to show that prison officials thwarted her in in any way from timely appealing her 2017 disciplinary action in 2017. Petitioner only alleges that four years later staff denied her assistance and forms. Even assuming Petitioner's allegation to be true, she never explains why she could not comply with the original deadline in 2017 for appealing this disciplinary action.

"Proper exhaustion demands compliance with an agency's deadlines and other crucial procedural rules … ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Because Petitioner did not comply with the procedural rules for appealing her 2017

disciplinary action, and she provides no reason for her failure to do so, Respondent's motion to dismiss for failure to exhaust must be granted for the 2017 disciplinary action.

### 2. 2021 Disciplinary Actions for Threatening Staff

As to the 2021 disciplinary actions for fighting, the Court accepts as true Petitioner's allegation that she never received the DHOs' written reports. The issue then, is whether Respondent is entitled to dismissal for failure to exhaust even though Respondent failed to provide Petitioner with the DHOs' written reports. Careful consideration of the importance of a DHO's written report and the possible other options available to Petitioner to pursue administrative remedies demonstrates that these claims should not be dismissed for failure to exhaust.

#### a. Importance of DHO's Written Report

In the landmark case of *Wolff v. McDonnell*, the United States Supreme Court held that when prison officials use disciplinary proceedings to deprive an inmate of a protected liberty interest in good time credits, due process requires at a minimum[6] that the inmate be given "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons

---

[6] The Court also recognized a qualified right for an inmate facing loss of good time credits at a disciplinary hearing "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 567.

for the disciplinary action taken." *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To allow for some flexibility in responding to the challenges of maintaining prison order and security, the written statement may for "personal or institutional safety … properly exclude certain items of evidence, but in that event the statement should indicate the fact of omission." *Id.* at 565. The written statement can also include facts that were not brought out in the disciplinary hearing, so long as that evidence is in the written statement. *Baxter v. Palmigiano*, 425 U.S. 308, 322 n.5 (1976). As to the importance of the written statement, the Court explained that "[w]ithout written records, the inmate will be at a severe disadvantage in propounding his cause to or defending himself from others." *Wolff*, 418 U.S. at 565.

The Bureau of Prisons's procedures for inmate discipline comply with *Wolff's* requirement for a written statement by requiring that an inmate "receive a written copy of the DHO's decision following the hearing." BOP Program Statement 5270.09, §541.5(h). The DHOs written report must include, among other things,[7] "the evidence relied on by the DHO." *Id.* The Bureau of Prisons' program statement requires the "DHO [to] give[] the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision." *Id.* The program statement also places on the DHO the duty to "ensure[] the inmate is notified that

---

[7] The report must also include whether the DHO "advised [the inmate] of [her] rights during the DHO process; … [t]he DHO's decision; … [t]he sanction imposed by the DHO; and …[t]he reason(s) for the sanction(s) imposed." BOP Program Statement 5270.09, §541.5(h).

any appeal must be made within the time frames in the Administrative Remedy procedures." BOP Program Statement 5270.09, §541.5(i).

The Administrative Remedy procedures provide that "DHO appeals shall be submitted initially to the Regional Director for the region which the inmate is currently located." 28 C.F.R. § 542.14(d)(2). The Bureau of Prisons' program statement further provides that "[t]he decision of the DHO is final and subject to review only by the Regional Director to ensure conformity with the discipline policy and by appeal through the Administrative Remedy program." BOP Program Statement 5270.09, §541.5(i). "The reviewing official is limited to determining if … the DHO could have rationally concluded that the evidence supports the decision, not necessarily whether the reviewing official would have made the same decision." *Id.*

Thus, a DHO report is necessary both to comply with the constitutional requirements of *Wolff*, and also as a key feature of the Bureau of Prison's DHO appeals process. Without the DHOs' reports, Petitioner was not in a position to pursue administrative appeals process in the normal manner.

Respondent has not suggested any alternative procedures that Petitioner should have used to properly exhaust her administrative remedies in the absence of a DHO report. A review of a possible alternative procedure shows that Petitioner should not have been required to pursue it.

### b. Alternative Administrative Process

Petitioner theoretically could have appealed to the Regional Director without having the DHO's written report.[8] Although Petitioner contends that she did not even have a theoretical possibility for this alternative process because "[t]he Regional Office can not, and will not, accept a BP-10 (230-13) for DHO appeal unless a DHO report is attached to the administrative remedy form" (ECF No. 27 at 2), no such requirement can be found in the statutes, regulations, and program statements.[9]

---

[8] As noted in the Order Rejecting Report and Recommendation (ECF No. 31), Petitioner would be required to know the "incident report number" to comply with the requirement to appeal separate incidents on separate forms. See 28 C.F.R. § 542.14(c)(2) ("For DHO and UDC appeals, each separate incident report number must be appealed on a separate form.). But the incident report is not the same as the DHO's written report. *Cf.* BOP Program Statement 5270.09, §541.5(a) Incident report *with* BOP Program Statement 5270.09, §541.8(h) Written report. Petitioner makes no claim that she did not receive an incident report.

[9] Two unpublished cases from this district have found that inmates can appeal the results of disciplinary hearings without written copies of their DHO reports. These cases addressed the petitions on the merits and DHO reports had actually been prepared and given to the petitioners, albeit not in a timely manner. In one case, the Court stated: "BOP regulations permit an inmate like Petitioner to proceed through the administrative appeal process without a written DHO report so long as he states in his appeal the date of the hearing and the nature of the charges against him." *Smith v. Blackmon*, No. 5:17-CV-139-MCR/MJF, 2019 WL 3047055, at *5 (N.D. Fla. Jan. 31, 2019), report and recommendation adopted, No. 5:17CV139-MCR/MJF, 2019 WL 3037920 (N.D. Fla. July 11, 2019) (citing 28 C.F.R. § 541.15(b)(3)). In the other case, a BOP hearing administrator provided a declaration explaining:

> If an inmate files a BP-10 administrative remedy appealing DHO sanctions without including a copy of the DHO Report, it is more than 15 workdays after the DHO hearing, and the DHO Report has not been completed, the Regional Office will accept the appeal, expedite the DHO Report, and respond to the administrative remedy on the merits. Other inmates at FCI Tallahassee have appealed DHO sanctions in this manner.

Chavarriaga v. Coil, No. 4:18CV206-RH/CAS, 2018 WL 8139199, at *2 (N.D. Fla. Sept. 27, 2018), report and recommendation adopted, No. 4:18CV206-RH/CAS, 2018 WL 5809968 (N.D. Fla. Nov. 6, 2018).

Nevertheless, such an appeal would be highly irregular and outside the process envisioned by the Bureau of Prisons administrative remedy process. For example, for a regular appeal to the Regional Office from a DHO report, Petitioner would have 20 calendar days from the date she receives the DHO's written report to appeal.[11] What time limit should be imposed on Petitioner to appeal her 2021 disciplinary actions given that she has never received the DHOs' written reports? Furthermore, Petitioner is constitutionally entitled to a written report when good time credits are forfeited and the Supreme Court has recognized that she is under "a severe disadvantage in propounding her cause" without a written report. *Wolff*, 418 U.S. at 565. Should she be required to pursue an appeal anyway? Would Petitioner be allowed (or required) to appeal twice: once to demand the DHO's written report and then again so she can review the written report and make specific claims of error[12]?

These questions demonstrate that the normal DHO appeals process mandated by the Bureau of Prisons breaks down when the DHO's written report has not been provided. The burden to craft new procedures to address the breakdown is not on

---

[11] The date for "submission of a formal written Administrative remedy request … is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a); *see also* Form BP-A0304, Disciplinary Hearing Officer Report, Section VIII, Appeal Rights (Requiring the DHO to give the inmate a copy of the Disciplinary Hearing Officer Report, and to advise the inmate "of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.").

[12] "Appeals shall state specifically the reason for appeal." 28 C.F.R. § 542.15(b)(1).

Petitioner. *See, Turner*, 541 F.3d at 1083. Nor is Petitioner required to seek out optional administrative procedures. *Id.* Moreover, Respondent has not provided any explanation of how the appeals process would nevertheless be available to Petitioner in this case.

## IV. CONCLUSION

Based on the foregoing, the undersigned concludes that Respondent's motion to dismiss for failure to exhaust administrative remedies should be granted only as to Ground Three of the Petition challenging the 2017 disciplinary action for fighting with another inmate (incident report number 3049826). The motion to dismiss should be denied as to Grounds One and Two, which challenge the 2021 disciplinary actions for threatening a staff member (incident report numbers 3510019 and 3525976).

Accordingly, it is respectfully RECOMMENDED:

Respondent's Motion to Dismiss (ECF No. 25) be GRANTED as to Ground Three and DENIED as to Grounds One and Two.

At Gainesville, Florida, on March 8, 2023.

> s/ *Midori A. Lowry*
> Midori A. Lowry
> United States Magistrate Judge

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.