IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARLESE JENEAN HALL,**

    *Petitioner*,

v.                                              Case No.: 4:21cv393-MW/MAL

**WARDEN ERICA STRONG,**

    *Respondent.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Amended Report and Recommendation, ECF No. 32, and has also reviewed *de novo* Petitioner's objections, ECF No. 33. Petitioner takes issue only with the Magistrate Judge's recommendation to dismiss Ground Three for failure to exhaust administrative remedies. She asserts that the 2017 incident never occurred, thus she would not have sought to exhaust her administrative remedies in appealing that decision in 2017. Instead, her contention with respect to Ground Three is that the loss of good time credits is the result of this erroneous entry in her record and her administrative remedies to attempt to correct this error were thwarted when staff failed to assist her when she requested an informal resolution prior to filing her petition. But Petitioner's "subjective belief that the administrative remedies were

unavailable is not dispositive here." *Pace v. Lewis*, 2021 WL 3485653, *9 (S.D Fla. Apr. 29, 2021).

"While prison officials may not act to inhibit or prevent an inmate's exhaustion of administrative remedies," *id*. (citing *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999), Petitioner has not come forward with "credible evidence that prison officials committed affirmative misconduct in order to prevent [her] from" seeking to correct the erroneous entry concerning the 2017 incident. *Id*. Instead, in her response to Respondent's motion to dismiss, she states simply that "[s]he had requested informal resolution forms, but once again, without staff cooperation, and more importantly, staff assistance, inmates are unable to utilize the grievance process for its intended purpose." ECF No. 27 at 2. But she goes on to explain how she filed subsequent administrative remedies addressing other issues not before this Court. Without further detail, Petitioner cannot establish in conclusory fashion that prison officials committed affirmative misconduct "through machination, misrepresentation, or intimidation" to "thwart" her from taking advantage of the grievance process, thus rendering the administrative process "unavailable." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

Accordingly,

**IT IS ORDERED**:

The amended report and recommendation, ECF No. 32, is **accepted and adopted**, over the Petitioner's objections, as this Court's opinion. Respondent's motion to dismiss, ECF No. 25, is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to Ground Three but **DENIED** as to Grounds One and Two. This case is remanded to the Magistrate Judge for further proceedings consistent with this Order.

**SO ORDERED on April 13, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**