IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLESE JENEAN HALL,
    Petitioner,

v.                                    CASE NO. 4:21cv393/MW/MAL

WARDEN ERICA STRONG,
    Respondent.

## REPORT AND RECOMMENDATION

Pending before the Court is Ground One of Petitioner Carlese Jenean Hall's section 2241 petition. ECF No. 1. Ground One is the sole remaining claim. Ground Three was dismissed for failure to exhaust administrative remedies. ECF No. 34. Ground Two became moot on May 15, 2023, when the Regional Disciplinary Hearing Administrator expunged the incident report and restored 27 days of good conduct time to Petitioner, thus giving Petitioner all the relief she sought. ECF No. 39.

Respondent filed a supplemental response addressing the merits of Ground One. ECF No. 48. Petitioner filed a reply. ECF No. 50. Upon consideration of these materials and the entire record, I recommend that the section 2241 petition be denied because the finding that Petitioner threatened another with bodily harm is supported by some evidence in the record, and the delay in receiving the Disciplinary Hearing

1

Officer's report and various other matters raised by Petitioner have not prejudiced her.

## BACKGROUND

In Ground One, Petitioner challenges the disciplinary action resulting from incident report number 3510019. ECF No. 1 at 3-5. The incident report, which was issued by D. Carbonell[1] on June 1, 2021, charges Petitioner with "Threatening another with bodily harm." ECF No. 48-2 at 3. The narrative portion of the incident report is as follows:

> On 6/1/2021 at approximately 1220, I was doing my routine mental health care contact with inmate Carlese Hall (#43850-007) in the FCI SHU Law Library. At the start of the contact, inmate Hall noted that she did not want to be at FCI Tallahassee anymore. Through the course of discussion, inmate Hall stated something to the effect of, "If she comes in my vicinity on the compound, I will be back in SHU with an outside charge," referring to DTS Vernice Green.[2] I explicitly asked if she was threatening bodily harm to Ms. Green in which she nodded her head yes and replied something to the effect of, "I will have a weapon and I will come back to SHU. The FBI will be notified."

*Id.*

Petitioner received a copy of the incident report on June 1, 2021. *Id.* at 4. A disciplinary hearing took place on June 24, 2021. *Id.* at 20. At the hearing, Petitioner had no comment and waived the right to a staff representative and the right to present

---

[1] According to Petitioner, D. Carbonell was a psychology intern. ECF No. 1 at 4.

[2] Respondent identifies "DTS Vernice Green" as a Drug Treatment Specialist. ECF No. 48-1 ¶ 12.

witnesses. *Id.* at 20-21. No witnesses testified at all. *Id.* at 21. The Discipline Hearing Officer ("DHO"), W. Davis, relied on the written report and found Petitioner committed the act of threatening bodily harm as charged. *Id.* at 21. The DHO imposed a penalty that included a loss of 27 days good conduct time. *Id.* at 22.

The specific evidence the DHO relied upon to support the finding of Petitioner's guilt is included in the DHO's report as follows:

> It is the decision of the DHO that you committed the prohibited act of code 203, Threatening bodily harm.
>
> You stated you were ready to proceed. You did not request a staff representative or witnesses to assist you in preparing for this hearing. You stated that you understood your rights before the DHO. You stated you received your copy of the incident report. You have been afforded due process and have had ample time to prepare a defense prior to the discipline hearing.
>
> On 6/1/2021 at approximately, 1220, I was doing my routine mental health care contact with inmate .Carlese Hall (#43850-007) in the FCI SHU Law Library. At the start of the contact, inmate Hall noted that she did not want to be at FCI Tallahassee anymore. Through course of discussion, inmate Hall stated something to the effect of, "If she comes in my vicinity on the compound, I will be back in SHU with an outside charge," referring to DTS Vernice Green. I explicitly asked if she was threatening bodily harm to Ms. Green, in which she nodded her head yes and replied something to the effect of, "\ will have a weapon and I will come back to SHU. The FBI will be notified."
>
> You appeared before the DHO and stated you have no comment.
>
> The DHO considered your statement that stated you have no comment. Although, you exercised your right to remain silence and did not confirm nor deny and you did not provide any evidence to refute the charge that you committed the prohibited act of code 203, Threatening bodily harm. The DHO has determined that your actions were highly disruptive, and

3

> did interfere with the security and orderly running of the institution. There is never a good reason for an inmate to even consider to possibility of attacking another person. Your suggestion, that this is even a possibility, causes one to determined that you did threaten another inmate or staff member. The DHO s determination was based on the great weight of the evidence in this case the staff member s written report. Accordingly, it is the finding of the DHO that you committed the prohibited act as charged.

*Id.* at 21-22 (no corrections made to original).

The DHO's report was prepared on July 9, 2021. *Id.* at 23. Petitioner should have received a copy of the report within 15 working days of the DHO's decision.[3] Respondent provided a copy to Petitioner much later, on May 16, 2023. ECF No. 48-1 at 3. Respondent does not contest Petitioner's assertion that she did not previously receive a copy of the DHO's report. *Id.*

## DISCUSSION

Federal prisoners, like Petitioner, have a protected liberty interest in earned good conduct time. *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974) (prisoner's interest in state-created right to earned good conduct time is a liberty interest protected by the Fourteenth Amendment's due process clause); *Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013) (applying due process protections to federal prisoners for earned good conduct time under federal statute); *Stiger v. Grayer*, 159 F. App'x 914, 915 (11th Cir. 2005) (same). Accordingly, when a prison disciplinary

---

[3] An inmate should receive a "written copy of the DHO's decisions and dispositions, ordinarily within 15 work days of the decision." BOP Program Statement 5270.09, 28 C.F.R. §541.8(h).

4

hearing results in the loss of good conduct time, procedural due process protections apply.[4] These protections include written notice of the charge at least 24 hours in advance of a disciplinary hearing, a qualified right to call defense witnesses and present documentary evidence at the hearing, and a "written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action." *Wolff*, 418 U.S. at 563–66. Additionally, the factfinder's decision must be supported by "some evidence" in the record. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In her section 2241 petition, Petitioner made no argument that she did not receive the incident report at least 24 hours in advance of the disciplinary hearing. ECF No. 1 at 4-5. Nor did she argue she was denied the opportunity to call witnesses or present documentary evidence at the disciplinary hearing. *Id.* Petitioner complained instead that she did not receive the DHO report and therefore "the BOP has forfeited her right to appeal." *Id.* at 5. Petitioner also complained that the threat related in D. Carbonell's incident report was "non-verbatim, non-factual" and that D. Carbonell's statement was "exaggerated." *Id.* at 4. Petitioner also argued that her threat was "implied," not "express." *Id.*

---

[4] Due process protections are provided through the Fifth Amendment when the actions of federal officials are at issue.

After Petitioner received the DHO's report, the Court gave her an opportunity to respond. *See* ECF Nos. 43, 46. Petitioner again argued that the delay in receiving the DHO's report warrants expungement of the incident report and restoration of good conduct time. ECF No. 46 at 1-2. Petitioner argued that the "DHO's report does not accurately depict an infraction to threaten another with bodily harm" and that the findings are "flawed" and "an egregious abuse of discretion." *Id.* at 2. Petitioner complained D. Carbonell "encouraged [her] response depicting a weapon …." *Id.* Petitioner complained she was not permitted to present documentary evidence at the evidentiary hearing, and that the DHO was not impartial. *Id.*

In evaluating Petitioner's arguments, the Court will first address her challenges to the DHO's findings of fact under the "some evidence" standard. The Court will then address Petitioner's various other procedural due process challenges.

**I.    Some Evidence**

In evaluating the DHO's findings under the "some evidence" standard, it is important to clarify what conduct is proscribed by the prison regulation Petitioner was charged with violating. "Threatening another with bodily harm or any other offense" is listed as a prohibited act in Title 28, Code of Federal Regulations, Section 541.3, Table 1, 203. Although the regulation does not provide a more particular description of what constitutes a threat, "when read reasonably in light of the prison

setting" the threats proscribed are not limited to true threats[5] but instead cover all threats. *Lane v. Salazar*, 911 F.3d 942, 946 (9th Cir. 2018). All threats of bodily harm, whether true threats or not, have the ability to "contribute to an atmosphere of hostility and disrespect" in a prison setting. *Id.* at 949. They "run counter to penological purposes and are legitimately curtailed." *Id.*

The DHO's report shows that there was some evidence to support a finding that Petitioner threatened another with bodily harm in violation of the prison regulation. A reasonable reading of D. Carbonell's incident report shows Petitioner threatened to use a weapon against DTS Venice Green if she came within Petitioner's vicinity, and that Petitioner's use of that weapon would result in bodily harm serious enough to warrant placing Petitioner in the Special Housing Unit, the FBI being notified, and outside charges against Petitioner. According to the report, Petitioner admitted (by nodding yes) that she was threatening bodily harm to DTS Green.

The incident report describes a threat to do bodily harm against another that can legitimately be curtailed in the prison setting. Although Petitioner argues that her statements were exaggerated, only implied, and not reported verbatim by D.

---

[5] A "true threat" is one "where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359-60 (2003). The focus is on the speaker's intent to intimidate. *Id.* The speaker need not actually intend to carry out the violence. *Id.* "[A] prohibition on true threats 'protect[s] individuals from the fear of violence' and 'from the disruption that fear engenders,' in addition to protecting people 'from the possibility that the threatened violence will occur.'" *Id.* at 360 (*quoting R.A.V. v. City of St. Paul,* 505 U.S. 377, 388 (1992)).

Carbonell, Petitioner had the opportunity to testify and clarify her statements at the disciplinary hearing. She also had the opportunity to call D. Carbonell as a witness. Petitioner chose not to do so. Petitioner's complaint that D, Carbonell "encouraged the inmate's response depicting a weapon where the inmate was not predisposed to make a comment" (ECF No. 46 at 2) is of no avail. Even if this is true, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such criminal proceedings do not apply." *Wolff*, 418 U.S. at 556.

If "there is any evidence in the record that could support the conclusion reached" by the factfinder, the some evidence standard is met. *Wolff*, 472 U.S. at 455-56. A written report alone can satisfy the standard. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (report standing alone is some evidence of guilt); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (same); *McCarthy v. Warden Lewisburg USP*, 631 F.App'x 84, 86-87 (3d Cir. 2015) (same). Accordingly, the Court finds the written report satisfies the some evidence standard in this case.

## II. Procedural Due Process Violations

Petitioner's main procedural due process complaint is that she did not receive the DHO's report on a timely basis. As a remedy, she contends her disciplinary action should be expunged, and her good conduct time returned. In this regard, it is important to note that Petitioner does not have a substantive right to the

8

administrative remedy process itself. *See Baker v. Rexroad,* 159 F. App'x. 61, 62 (11th Cir. 2005). The substantive right at issue is Petitioner's protected interest in earned good conduct time. To protect that substantive right, Petitioner has a procedural due process right to receive a written copy of the DHO's report. *Wolff,* 418 U.S. at 564.

Petitioner is not entitled relief simply because she did not receive the DHO's report within the time set out in the Bureau of Prisons' regulations. A disciplinary action can be upheld even when there is a lengthy delay in receiving a DHO's report. *See Griffin v. Ebbert*, 640 F. App'x 181, 182 (3d Cir. 2016) (in the absence of prejudice, an eighteen-month delay in receiving the DHO report was not a denial of due process).

To state a violation of her procedural due process rights that would warrant expungement of the incident report and return of good conduct time, Petitioner must show prejudice. *See Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) ("[I]t is entirely inappropriate to overturn the outcome of a prison disciplinary proceeding because of a procedural error without making the normal appellate assessment as to whether the error was harmless or prejudicial."); *Elkin v. Fauver*, 969 F.2d 48, 53 (3d Cir. 1992) (requiring harm to be shown to reverse disciplinary sanction); *Piggie v. Cotton*, 344 F.3d 674, 677-78 (7th Cir 2003) (due process claim for failure to allow witness properly denied because no harm demonstrated); *Fordham v. Crosby*, No.

3:04cv231/MCR/MD, 2005 WL 927366 at *9 (N.D. Fla. Apr. 4, 2005) (any error in refusing to allow live testimony at disciplinary hearing was harmless); *O'Steen v. Warden, FCC Coleman - Low*, No. 5:24-CV-25-WFJ-PRL, 2024 WL 2978328, at *7 (M.D. Fla. June 13, 2024) (denying due process claim because the petitioner failed to show prejudice).

A deprivation of a procedural due process right, such as not receiving the DHO's report, may be cured "by providing a later procedural remedy." *Baker*, 159 F. App'x at 62. In this case, to cure the deprivation of Petitioner's procedural due process right, Respondent provided Petitioner with a copy of the DHO's report on May 16, 2023. ECF No. 39. Respondent also gave Petitioner notice that she could then avail herself to the Bureau of Prisons' administrative remedy process. Not surprisingly, Petitioner did not avail herself of that process.[6]

Petitioner claims that she has been prejudiced by the delay in receiving the DHO's report, citing generic concerns for "failing of human memory and accuracy of depositions, disappearance of evidence and other means of proof for appeal that [were] previously available to [her, but] are unavailable at this time." ECF No. 46 at 1. It is important to remember, however, that Petitioner had a timely disciplinary hearing. Her primary opportunity to defend herself was at the June 24, 2021,

---

[6] Petitioner argued that her petition should not be dismissed for failure to exhaust administrative remedies in part because of a "[b]ureau-wide, or systematic, dysfunction of the administrative remedy process." ECF No. 27 at 2.

10

disciplinary hearing, where she could testify on her own behalf and present testimony from other witnesses. She cannot logically claim a post-hearing delay in receiving the DHO's report has effects reaching back in time that prejudiced her ability to defend herself at the disciplinary hearing that already occurred.

On appeal of the DHO's decision, Petitioner would not have been allowed to re-litigate her case. Under the BOP administrative remedy process, "[t]he reviewing official is limited to determining if … the DHO could have rationally concluded that the evidence supports the decision, not necessarily whether the reviewing official would have made the same decision." BOP Program Statement 5270.09, § 541.8(i). Petitioner has not stated any prejudice in this regard. This Court, moreover, has reviewed the DHO's decision and determines that some evidence supports the DHO's decision. Accordingly, relief as to this issue should be denied.

For the first time in her reply, Petitioner complains that "Movant was not permitted to present documentary evidence during the disciplinary hearing." ECF No. 46 at 2. Petitioner does not describe what documentary evidence she intended to present and how it would have helped her at her disciplinary hearing. Nor is the Court able to discern how any documentary evidence could have helped Petitioner. The DHO's decision was based on the incident report by D. Carbonell. There is no indication any other documents were relevant to this case. As to D. Carbonell's report, Petitioner could have provided her own testimony about her interaction with

11

D. Carbonell, but she did not. Given these circumstances, Petitioner has not stated a valid due process claim regarding documentary evidence. *See Piggie*, 344 F.3d at 678 (district court properly denied relief on due process claim where no harm shown).

Finally, Petitioner complains that "the DHO had exhibited partiality during the disciplinary process, because he was predisposed to a finding of guilt." ECF No. 46 at 2. Petitioner points to language she finds contradictory in the DHO's report and argues as follows:

> The DHO had provided in his comment subsection V., "You appeared before the DHO and stated you have no comment." The Movant had adequately defended against the charged infraction, in fact the DHO states in subsection V, paragraph 6, line 6, "[Your suggestion] that this is even a possibility, causes one to determine that you did threaten another inmate or staff member." In order for an inmate to invoke a ['suggestion'] requires for the inmate to ['comment'] during the disciplinary proceedings. The veracity of the DHO's report is questionable based upon the conflicting and contradictive statements made in subsection V.

*Id.*

The requirement for an impartial factfinder at a disciplinary hearing is met so long as the factfinder did not participate in the case as an "investigating or reviewing officer, or [as] a witness." *Wolff*, 418 U.S. at 572 n.20. Petitioner does not contend the DHO investigated or authorized the disciplinary charge in this case, or that he was a witness. Therefore, Petitioner has not shown partiality in violation of her procedural due process rights. Furthermore, the awkward language in the DHO's

report does not undermine the finding that some evidence supports the DHO's decision.

## CONCLUSION

Based on the foregoing, Ground One of the section 2241 petition should be denied because the finding that Petitioner threatened another with bodily harm is supported by some evidence in the record, and the delay in receiving the Disciplinary Hearing Officer's report and various other matters raised by Petitioner have not prejudiced her. Ground Two of the section 2241 should be denied as moot because the Regional Disciplinary Hearing Administrator expunged the incident report and restored 27 days of good conduct time to Petitioner, thus giving Petitioner all the relief she sought.

Accordingly, it is respectfully RECOMMENDED:

1. Relief as to Ground One be denied.

2. Relief as to Ground Two be denied as moot.

At Gainesville, Florida, on August 14, 2024.

> s/ *Midori A. Lowry*
> Midori A. Lowry
> United States Magistrate Judge

## **NOTICE TO THE PARTIES**

The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these

proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.